**RESIDENTIAL FUNDING CORP.**

v.

**Brian COOPER et al.**

No. 93–378–A.

Supreme Court of Rhode Island.

May 12, 1994.

Kareann McLoughlin, Markoff & Boriskin, Providence, for plaintiff.

Leonard Bergersen, Peacedale, for defendant.

## OPINION

### PER CURIAM.

This case came before the court for oral argument April 5, 1994, pursuant to an order that had directed all parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

The defendants, Brian Cooper (Cooper) and Bruce Fryer (Fryer), were owners of the fee in a certain parcel of real estate in Charlestown, Rhode Island. They had executed a mortgage in favor of Southwind Mortgage Company (Southwind) to secure a promissory note in the amount of $250,000. Southwind assigned the mortgage to Commonwealth Mortgage Company, Inc. (Commonwealth). On February 10, 1989, the mortgage was assigned by Commonwealth to Residential Funding Corp., plaintiff in this case (Residential). On October 30, 1990, defendants, Biaggio Luzzi (Luzzi), and Early New England Restoration, Inc. (New England), filed a mechanic's lien against the Charlestown property arising out of construction work performed thereon. The lien was recorded after the mortgage had been recorded.

When Cooper and Fryer defaulted on their promissory note, Commonwealth filed a petition to foreclose on May 3, 1991, although it was not then the holder of the mortgage. On December 4, 1992, Commonwealth moved to amend its petition to foreclose by naming Residential as party plaintiff according to the mortgage assignment. This amendment was granted by agreement of the parties on January 27, 1993. Around this time, counsel for defendant Cooper withdrew.

Thereafter, Leonard Bergersen, Esq., who already represented Luzzi and New England, entered an appearance on behalf of Cooper. Residential moved for entry of judgment since all defendants had been defaulted by the court on July 27, 1992, for failure to answer the petition. Attorney Bergersen filed a motion to dismiss pursuant to Rule 17(a) of the Superior Court Rules of Civil Procedure on March 15, 1993, on the ground that Residential was not a proper plaintiff in the action. A justice of the Superior Court denied the Rule 17(a) motion and granted Residential's motion for entry of judgment on May 19, 1993.

On appeal Luzzi and New England claim that they did not receive notice of the hearing on the motion for entry of final judgment to foreclose. An examination of the record indicates that such notice was received. Indeed, a stipulation signed by Attorney Bergersen and counsel for Residential assigned the hearing on the motion to enter final judgment and the motion to dismiss to May 17, 1993. This stipulation was dated April 16, 1993.

At oral argument counsel for Luzzi and New England admitted that he had received notice of this hearing. There is no question that Cooper through counsel received such notice. Fryer had never entered an appearance.

Consequently the trial justice committed no error in granting the petition to foreclose. None of the parties defendant had filed an answer.

Therefore, the appeals of all parties defendant are denied and dismissed. The judgment of foreclosure is affirmed.